IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AMANDA U. AJULUCHUKU, | | |
| Plaintiff, | No. 2:12-cv-2172 GEB KJN PS | |
| vs. | | |
| CITIBANK, | | |
| Defendant. | FINDINGS AND RECOMMENDATIONS | |
| _____/ | | |

Plaintiff Amanda U. Ajuluchuku, proceeding without counsel in this action, has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (Dkt. Nos. 2, 11.)[1] Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines that the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

In her Second Amended Complaint, plaintiff alleges that around October of 2010, she visited Citibank ("defendant") to apply for a $100,000 business loan and that defendant's staff refused to give her the loan forms. (Second Am. Compl., Dkt. No. 7 at 2.) According to

---

[1] This action proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C. § 636(b)(1).

1

plaintiff's pleading, defendant is located at 787 W. 5th Street in Los Angeles, California, with its corporate office located at 399 Park Avenue in New York.  (Id. at 1.)

Plaintiff alleges that she made "more than three visits" before defendant gave her the forms.  (Id. at 2.)  Plaintiff alleges suffering various forms of "discrimination" and that defendant "would not give her an answer" and "dodged" her repeated phone calls, until a year later when defendant informed plaintiff that her business loan had been denied.  (Id.)  Plaintiff alleges that both "federal question" and "diversity" jurisdiction exist.  (Id.)  Plaintiff alleges she has been damaged in the amount of $10,000,000.  (Id.)  She also alleges that defendant's "Corporate Office is in New York."  (Id.)

The federal venue statute requires that all civil actions filed in any district court be brought in "(1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."  28 U.S.C. § 1391(b).

Plaintiff's pleading makes clear that the Eastern District of California is not the proper venue in which to bring this case.  Both plaintiff and defendant reside in Los Angeles, California and the alleged acts giving rise to the claim all occurred there.  Plaintiff's contention that defendant's "corporate office" is located in New York does nothing to confer proper venue in this district.  See Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (where all defendants resided in Alaska and "virtually all of the activity providing the basis of the complaint took place" there, district court properly concluded that it lacked venue).  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  This matter should have been brought in the Central

1  District of California, where all the parties reside and the allegations supporting the cause of
2  action occurred, and not the Eastern District of California.

3  "Venue may be raised by the court *sua sponte* where the defendant has not filed a
4  responsive pleading and the time to do so has not run." See Lawrie v. Cline, No. C 11-1235
5  SBA (PR), 2011 WL 7121807, at *2 (N.D. Cal. Nov. 4, 2011) (unpublished) (transferring case at
6  screening under 28 U.S.C. § 1915A(a)).  Here, defendant has not filed a responsive pleading and
7  the time for doing so has not run; service of the pleading has not been ordered and no answer is
8  on file.  "If a court transfers a case to another venue *sua sponte*, then the court must give the
9  parties an opportunity to oppose that transfer." Payne v. City of Atascadero, No. C03–4892 SI,
10 2003 WL 22939227, at *1-2 (N.D. Cal. Nov. 18, 2003) (unpublished) (citing Costlow, 790 F.2d
11 at 1488). Because these proposed Findings and Recommendations include a 14-day objection
12 period, a 14-day response period, and review by the district judge assigned to this case, there is
13 sufficient opportunity to oppose the transfer. See Eastern District Local Rule 304.

14  Accordingly, in the interest of justice, IT IS HEREBY RECOMMENDED that:

15  1. The Clerk of the Court transfer this case to the District Court for the Central
16 District of California.

17  2. The Clerk of the Court terminate all pending motions on this court's docket as
18 no longer pending in this district.

19  These findings and recommendations are submitted to the United States District
20 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
21 (14) days after being served with these findings and recommendations, written objections may be
22 filed with the court.  The document should be captioned "Objections to Magistrate Judge's
23 Findings and Recommendations."  The parties are advised that failure to file objections within
24 ////
25 ////
26 ////

1 the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951
2 F.2d 1153 (9th Cir. 1991).
3    IT IS SO RECOMMENDED.
4 DATED: November 30, 2012

6 _____
7 KENDALL J. NEWMAN
  UNITED STATES MAGISTRATE JUDGE

4